**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **FAMILY MEDICINE PHARMACY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Civil Action No. 15-0590-KD-B** |
| ) | |
| **TRXADE GROUP, INC. and** ) | |
| **WESTMINSTER PHARMACEUTICALS,** ) | |
| **LLC,**[1] ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on Plaintiff Family Medicine Pharmacy, LLC's unopposed

motion for preliminary approval of a proposed class action settlement and for preliminary

certification of the settlement class (doc. 25, 26). Upon consideration, and for the reasons set forth

herein, the unopposed motion is GRANTED, the proposed class action settlement is preliminarily

approved and the settlement class is conditionally and preliminarily certified pursuant to Rule 23

of the Federal Rules of Civil Procedure.

I. Background

Plaintiff brings this proposed class action complaint alleging that Defendants violated the

Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax

Prevention Act of 2005 (the TCPA).  Specifically, the Plaintiff alleges that the Defendants

---

[1]  In the complaint, Plaintiff identified "Westminster, LLC" in the style of the case, but in the first paragraph, identified "Westminster Pharmaceuticals, LLC" as the defendant (doc. 1).  The financial statement for Trxade Group, Inc. indicates that it owns 100% of Westminster Pharmaceuticals, LLC (doc. 26-6, p. 10).  In the settlement agreement, Westminster Pharmaceuticals, LLC is identified as a party.  There is no mention of "Westminster, LLC" in either document. Thus, it appears that the defendant's name is Westminster Pharmaceuticals, LLC.

violated the Act by sending or "fax blasting" thousands of unsolicited faxed advertisements to Plaintiff and the putative class members to generate sales leads and advertise the commercial availability of Defendants' pharmaceutical products. Plaintiff also alleges that even with consent to receive faxed advertisements the TCPA requires a notice on the advertisement that provides a cost-free mechanism to opt out of receipt; Defendants violated the TCPA by omitting that notice.

The TCPA makes it unlawful to use any telephone, facsimile machine, computer or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.  47 U.S.C. § 227(b)(1)(C).  An unsolicited advertisement is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(5).  The TCPA also makes it unlawful to send an unsolicited advertisement to another telephone facsimile machine in the United States where the advertisement fails to provide the recipient with a cost-free mechanism to opt out of receiving said transmissions in the future. 47 U.S.C. § 227(b)(1)(C)(iii).  In relevant part, an exception exists where "the unsolicited advertisement is from a sender with an established business relationship with the recipient." 42 U.S.C. § 227(b)(1)(C)(i).

II.  Class Certification

A. Statement of the law

When the Plaintiff requests class certification for purposes of a settlement-only class, the Supreme Court has explained as follows:

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, ..., for the proposal is that there is to be no trial. But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions—demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to

> certify a settlement class will lack the opportunity, present when a case is
> litigated, to adjust the class, informed by the proceedings as they unfold.

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action settlement only, the moment of certification requires heightened attention ... to the justifications for binding the class members.") (internal quotes omitted).

In addition " '[f]or a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b).' " *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009) (quoting *Klay v. Humana, Inc.,* 382 F.3d 1241, 1250 (11th Cir. 2004)).  The Rule 23(a) requirements for certification of any class action are: "(1) numerosity ('a class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses "are typical … of the class"'; and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem*, 521 U.S. at 613; *Vega*, 564 F.3d at 1268 (same).  The Federal Rules provide that a "class action may be maintained if Rule 23(a) is satisfied and if" the provisions of Rule 23(b)(1), Rule 23(b)(2), or Rule 23(b)(3) are satisfied. Fed. R. Civ. P. 23(b) ("Types of class actions").  Thus, "[i]n addition to establishing the requirements of Rule 23(a), a plaintiff seeking class certification must also establish that the proposed class satisfies at least one of the three requirements listed in Rule 23(b)." *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 698 (S.D. Fla. 2015) (citing *Little v. T–Mobile USA, Inc.,* 691 F.3d 1302, 1304 (11th Cir.2012)).

In *Vega* , the Court of Appeals for the Eleventh Circuit explained as follows:

"Although the trial court should not determine the merits of the plaintiffs' claim

3

at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." [*Valley Drug Co. v. Geneva Pharm., Inc.,* 350 F.3d 1181, 1188 n.15 (11th Cir. 2003)] (citing *Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982)); *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 & n. 12, 98 S.Ct. 2454, 2458 & n. 12, 57 L.Ed.2d 351 (1978) ("[t]he class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' ... 'The more complex determinations required in Rule 23(b)(3) class actions entail even greater entanglement with the merits.' ") (emphasis and citations omitted); *Huff v. N.D. Cass Co. of Ala*., 485 F.2d 710, 714 (5th Cir.1973) (en banc) ("It is inescapable that in some cases there will be overlap between the demands of [Rule] 23(a) and (b) and the question of whether plaintiff can succeed on the merits."); [*Castano v. Am. Tobacco Co.,* 84 F.3d 734, 744 (5th Cir.1996)), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co*., 553 U.S. 639, 128 S.Ct. 2131 (2008)] ("Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.").

*Vega*, 564 F. 3d at 1265-66 (footnotes omitted).

Overall, the "party *seeking* class certification has the burden of proof." *Brown v. Electrolux Home Products, Inc.,* 817 F. 3d 1225, 1233 (11th Cir. 2016) (citing *Valley Drug Co.,* 350 F.3d at 1187 (italics in original).

B.  Class definition

In the unopposed motion, Plaintiff, on behalf of the class, seeks preliminary certification of the settlement class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure (doc. 26, pp. 27, 31, Plaintiff's brief.  In the Settlement Sgreement, for purposes of the class settlement agreement only, the parties agreed to a Class Period defined as "January 2012 to the date of the Court's Preliminary Approval of this Class Action Settlement", and defined the class as follows:

Any and all individuals and/or entities located in any state, district, or territory of the United States that received one or more advertisements or solicitations via facsimile from Defendants during the Class Period.

(Doc. 26-1, p. 2)

At the hearing, the Court and the parties discussed amending the definition to account for an exception to the operation of the TCPA that exists where the unsolicited advertisement is sent "from a sender with an established business relationship with the recipient" 42 U.S.C. § 227(b)(1)(C)(i).   In the proposed order, the parties proffered the following definition:

> All individuals and/or entities, who did not have an established business relationship with Trxade Group, Inc. and Westminster Pharmacy, LLC, located in any state, district, or territory of the United States that received one or more unsolicited advertisements or solicitations via facsimile from Defendants during the Class Period.

Since the parties acknowledged the exception to the TCPA at the hearing and submitted a proposed order that proffered a class definition that takes into account the exception, the parties' Settlement Agreement (doc. 26-1) is deemed modified by agreement to include this definition of the proposed settlement class. (*See* doc. 26-1, ¶ 19. "Any modification of the Agreement must be in writing signed by Plaintiffs' Counsel and Defendants' Counsel.")

C. Standing

Plaintiff asserts that Article III standing exists based upon the decision in *Palm Beach Golf Center,* 781 F. 3d 1245.  In *Palm Beach Golf Center,* Defendant John G. Sarris, D.D.S., P.A., a dental care provider, acting through a marketing agency, sent unsolicited one-page fax advertisements. Plaintiff Palm Beach received the fax and subsequently filed a class action suit claiming that the advertisement violated the TCPA.  The district court found that Palm Beach failed to show a sufficient concrete injury in fact because there was no evidence that employees recalled seeing or printing the advertisement.  Palm Beach argued on appeal that the "specific injury targeted by the TCPA is the sending of the fax and resulting occupation of the recipient's telephone line and fax machine, not that the fax was actually printed or read." *Id.* at 1250.  The

Eleventh Circuit agreed and explained that "[i]t is clear from the legislative history of the statute that the TCPA's prohibition against sending unsolicited fax advertisements was intended to protect citizens from the loss of the use of their fax machines during the transmission of fax data." *Id.* at 1252.  The Eleventh Circuit found that Palm Beach "suffered a cognizable, particularized and personal injury" and therefore it had Article III standing.

Plaintiff has provided sufficient evidence that the Defendants sent an unsolicited fax advertisement to the Plaintiff (doc. 26-2).  Therefore, the Court is satisfied that Plaintiff has standing under the TCPA to bring this action.

D. The Rule 23(a) requirements

As previously stated, the Rule 23(a) requirements for certification of any class action are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. The additional requirements for certification under Rule 23(b)(3) are: (5) predominance; and (6) superiority. *Amchem*, 521 U.S. at 613, 615.

1. Numerosity

To satisfy the numerosity requirement, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  A class of more than forty class members has been found adequate.  *Cox v. American Cast Iron Pipe Co.,* 784 F. 2d 1546, 1553 (11th Cir. 1986).  At the hearing, Defendants acknowledged that their records indicate that a fax was sent to approximately 8,500 persons or entities across the nation.  Therefore, the proposed class is sufficiently numerous to make joinder of all class members impracticable.  Accordingly, the numerosity requirement is met.

2. Commonality

Rule 23(a)(2) provides that the representative parties of a class may sue on behalf of all members where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).

To establish commonality, the action "must involve issues that are susceptible to class-wide proof." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001).  Also, the Plaintiff must "demonstrate that the class members 'have suffered the same injury.'" *Walmart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011) (citation omitted).  However, Rule 23(a)(2) "demands only that there be questions of law or fact common to the class. This part of the rule does not require that all the questions of law and fact raised by the dispute be common." *Vega*, 564 F.3d at 1268.

At the hearing, the parties agreed that Defendants sent an unsolicited fax advertisement to all class members. In the complaint and in the unopposed motion, Plaintiff states that Defendants also sent unsolicited fax advertisements that did not provide the recipient with a cost-free method to opt out from receiving future transmissions.  Thus, the class members' claims involve a common allegation of wrongful conduct by the Defendants – sending an unsolicited fax transmission or advertisement.  Therefore, resolution of this action involves issues that are central to the validity of each one of the class member's claims and susceptible to class wide proof. *See Piazza v. Ebsco Industries, Inc.,* 273 F. 3d 1342, 1346 (11th Cir. 2001) ("Traditionally, commonality refers to the group characteristics of the class as a whole[.]") (citation omitted).

Also, the class members have suffered the same injury.  Under the TCPA, the class members were injured when they received a fax that was noncompliant with the TCPA, which made their fax machines "unavailable for legitimate business messages while processing ...the junk fax." *Palm Beach Golf Center*, 781 F.3d at 1251–1252 (citation omitted).  Accordingly, the commonality requirement is met.

3. Typicality

Rule 23(a)(3) provides that class representatives may sue on behalf of the class only if the "claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3).  "A sufficient nexus is established if the claims or defenses of

the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc*., 741 F.2d 1332, 1337 (11th Cir. 1984); *accord Williams v. Mohawk Industries, Inc*., 568 F.3d 1350, 1357 (11th Cir. 2009). Generally, a "class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Murray*, 244 F.3d at 811. "[T]ypicality refers to the individual characteristics of the name plaintiff in relation to the class." *Piazza*, 273 F. 3d at 1346 (citations omitted).

At the hearing, the parties agreed that Plaintiff's claims were typical of the class because they are the exact same claims as those of the putative class members and all arose from the same pattern of faxing unsolicited advertisements or advertisements without a sufficient opt out notice. Plaintiff's injury is the same as the class members – the unsolicited fax made the fax machine "unavailable for legitimate business messages while processing." *Palm Beach Golf Center*, 781 F.3d at 1251–1252 (citation omitted).   Although the relief may vary in that each class member submitting a claim will receive up to $1,000.00 and a 5% discount coupon for their next purchase from Westminster, the claims and defenses are identical and the action is pursued under the same legal theory – violation of the TCPA. *Kornberg,* 741 F. 2d at 1337 ("[d]ifferences in the amount of damages between the class representative and other class members d[o] not affect typicality.") Accordingly, the typicality requirement is met.

4. <u>Adequacy</u>

Rule 23(a)(4) provides that class representatives may sue on behalf of the class only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The Eleventh Circuit has recognized "two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co.*, 350 F.3d at 1189 (internal

quotes omitted). Moreover, the Eleventh Circuit has held that "[t]he existence of minor conflicts alone will not defeat a party's claim to class certification: the conflict must be a 'fundamental' one going to the specific issues in controversy." *Id.* Instead a "fundamental conflict exists where some party members claim to have been harmed by the same conduct that benefitted other members of the class." *Id.*

In support of this factor, Plaintiff's counsel submitted affidavits stating that Plaintiff understands its obligation to the class and will continue to represent the class (doc. 26-8, p. 6, doc. 26-9, p. 7). Counsel also asserts that Plaintiff has adequately represented the class, will continue to do so, and to that end, has retained experienced class action counsel. (Id.)

Plaintiff does not appear to have any conflict of interest with other members of the class because its claim is substantially the same as that of the class members and is based upon the same main or predominant issues of law or facts as the class. Thus, there does not appear to be any fundamental conflict of interest. Moreover, Plaintiff has adequately prosecuted this action. Plaintiff filed this action and participated in the mediation. The mediation resulted in a Settlement Agreement, a settlement fund in the amount of $200,000[2] for the class members, as well as a discount coupon for use on future purchases from Defendant Westminster. Accordingly, the adequacy requirement is met.

As part of the obligation to adequately represent the class, Plaintiff should retain qualified counsel. "Counsel will be deemed adequate if they are shown to be qualified, adequately financed, and possess sufficient experience in the subject matter of the class action." *J.W. v. Birmingham Bd. of Educ.*, 2012 WL 3849032, at *9 (N.D. Ala. Aug. 31, 2012) (quoting *City of St. Petersburg,*

---

[2] Plaintiff states that during the mediation, the Defendants' financial status was made known to the parties and the mediator. The parties negotiated the settlement fund with disclosure of the declining financial status of Defendants, and Plaintiff agreed to this sum for the settlement fund.

*et al., v. Total Containment, Inc., et al.,* 265 F.R.D. 630, 651 (S.D. Fla. 2008) (citing *Dahlgren's Nursery, Inc. v. E.I. DuPont De Nemours & Co.,* No. 91–8709–CIV, 1994 WL 1251231, at *6–7 (S.D.Fla.1994)).  Plaintiff asserts that class counsel have extensive experience in class action litigation and specific experience litigating this type of action.[3]  Class counsel James McFerrin submitted an affidavit wherein he states that he was class counsel in a contentious and exhaustive class action involving a county's imposition of an illegal occupational tax. He also states that he is currently working with co-counsel in a number of other class action cases (doc. 26-9).  Class counsel Diandra Debrosse submitted an affidavit where she states that she has served as class counsel in an $11 million tax class action settlement, a $16 million settlement in a multi-district litigation action, and is currently engaged in class actions involving ERISA, the TCPA, and a security data breach.  She states that she has also served as lead counsel in numerous complex litigation matters (doc. 26-8).  Counsel appear to have sufficient experience in class action litigation or other complex litigation, and sufficient expertise as the TCPA to adequately represent the class members. Accordingly, this adequacy requirement is met.

 E. <u>The Rule 23(b)(3) requirements</u>

 Despite Plaintiff's statement that the class should be certified under Rule 23(b)(1)" (doc. 26, p. 31, 33), Plaintiff also argues that this action "is also properly certified under Rule 23(b)(3)". (*Id*., p. 32)    The Court finds that this action is more suited for certification under Rule 23(b)(3).

 Under Rule 23(b)(3), a "class action may be maintained if Rule 23(a) is satisfied and if

---

[3]  Plaintiff, represented by the same attorneys, has brought eight other putative class actions based on violations of the TCPA in this district court. Three actions were voluntarily dismissed before an answer was served, two actions were dismissed on stipulation of the parties, a default judgment was obtained in one action, and another was dismissed on notice that the parties had settled.  No class was certified as to these six actions.  One action remains pending.  Plaintiff's preliminary motion for class certification and motion to consider class certification upon completion of reasonable discovery were denied without prejudice as premature.

…the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"Framed for situations in which 'class-action treatment is not as clearly called for' as it is in Rule 23(b)(1) and (b)(2) situations, Rule 23(b)(3) permits certification where class suit 'may nevertheless be convenient and desirable.'" *Amchem,* 521 U.S. at 615 (citation omitted). "To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Id.*

Rule 23(b)(3) instructs that "matters pertinent to these findings include" the following:

1.  "[T]he class members' interests in individually controlling the prosecution or defense of separate actions[.]" Fed. R. Civ. P. 23(b)(3)(A).  As previously discussed in determining commonality, the factual or legal questions applicable to the class as a whole are identical – whether the Defendants sent unsolicited fax advertisements to the class members and/or whether the fax contained a low-cost method to opt out from future transmissions.  With this narrow scope of injury and the narrow scope of relief obtained as a result of the meditation,[4] it is unlikely that the class members would have any interest in individually prosecuting separate actions.

2.  "[t]he extent and nature of any litigation concerning the controversy already begun by or against class members[.]" Fed. R. Civ. P. 23(b)(3)(B).   Plaintiff states that after this action was filed, two identical TCPA actions were filed against Defendant Westminster: *ARcare Inc., an*

---

[4] Damages are capped at $1,000 per claimant with an additional 5% discount on their next purchase from Defendant Westminster.

*Arkansas Corporation v. Westminster Pharmaceuticals, LLC, a Florida Limited Liability Company*, Civil Action No. 8:16-cv-919T35-JSS (M.D. Fla. 2016) (Tampa Division) and *Camp Drug Store Inc., an Illinois Corporation, individually and as the representative of a class of similarly situated persons v. Westminster Pharmaceuticals LLC*, Civil Action No. 3:16-CV-481-SMY (S.D. Ill. 2016)( E. St. Louis Division) (doc. 26, p. 10-11).  *ARcare* settled before class certification and that action has been closed. In *Camp Drug* Store, the stipulation of dismissal was without prejudice as to potential class members. Upon consideration of the procedural posture of these actions, this Court is in the "most advanced position to decide the propriety of class certification of these claims and that factor (B) does not operate to preclude certification of the class." *Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 362–63 (S.D. Ga. 1996) (addressing five relevant pending putative class actions and three tangentially relevant pending cases and finding that the Southern District of Georgia was in the most advanced position).

3.  "[T]he desirability or undesirability of concentrating the litigation of the claims in the particular forum[.]" Fed. R. Civ. P. 23(b)(3)(C).  The parties have now negotiated a Settlement Agreement for the nationwide class-wide release of the Defendants. (Doc. 26-1, Class Settlement Agreement)   Plaintiff has moved for preliminary approval and class certification in this forum. The Defendants did not oppose the motion. Since the other possibly related TCPA actions have been resolved, it appears that this forum is a desirable location for litigation of the class members' claims.

4.  "[T]he likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D).  The proposed settlement negates any potential problems for managing a class action. *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.").

As discussed above, the Court finds that issues affecting the settlement class members predominate over any issues that may affect individual members.  Moreover, based on the negligible damages to each potential class member, the Court finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Accordingly, the predominance and superiority requirements of Rule 23(b)(3) have been met.

F. Conclusion

For the reasons set forth herein, and for purposes of settlement only, the unopposed motion for preliminary certification of the settlement class is GRANTED. Accordingly, the Court conditionally and preliminarily certifies this action as a class action pursuant to Rule 23 on behalf of the settlement class as defined in section II(B) of this Order.

III. Class settlement

A class action can be settled "only with the court's approval." Fed. R. Civ. P. 23(e). Final approval may be given only after class notice and a hearing. *Id.*  However, the Court must first "make a preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class." *Smith v. William Wrigley Jr. Co*., 2010 WL 2401149 at *2 (S.D. Fla. 2010). "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Id*. (internal quotes omitted). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Id*.

At mediation, the parties agreed to a non-reverting settlement fund in the amount of $200,000.00 from which attorney's fees, the class representative's incentive award, and the claims administrator's fees would be deducted with the balance distributed *pro rata* to the class members

up to $1,000.[5]  They also received a coupon for a 5% discount on their next purchase from the

Defendants. The settlement was the result of an arms-length negotiation by both parties while

represented by counsel and facilitated by the experienced and eminently qualified mediator.  The

settlement was also reached after discovery as to the financial status of the Defendants.

In the unopposed motion, Plaintiff states that Defendants had to obtain a loan in order to

fund the settlement fund.  At the hearing, the parties did not dispute that Defendants' financial

condition was poor.  The Court acknowledged that one of the issues was the ability of the

Defendants to pay a judgment.  Although the settlement distribution will not completely

compensate the class members who otherwise could have sought statutory damages of $500.00 per

violation, the Settlement Agreement is the result of the parties' good faith and arms length

negotiations.  Accordingly, the Settlement Agreement is approved on a preliminary basis as fair,

reasonable and adequate.

A. Class representative

For the reasons set forth in Section II(D)(3)&(4), the unopposed motion to appoint Plaintiff

as the class representative is GRANTED.  Accordingly, Plaintiff is designated as the

representative of the settlement class as defined in section II(B), for the purpose of effectuating the

Settlement Agreement.

B. Class counsel

"An order court that certifies a class action must … appoint class counsel under Rule

23(g)…." Fed. R. Civ. P. 23(c)(1)(B). After consideration of the factors identified in Rule

---

[5]  Any remainder from the common fund – the net amount left after payment to the
attorneys, class representative, and the claims administrator - shall be distributed as a *cy pres*
award to the University of South Florida College of Pharmacy (doc. 26-1, p. 2).

23(g)(1)(A),[6] and for the reasons set forth in Section II(D)(4), the Court concludes that the Debrosse and McFerrin are adequate class counsel.  Accordingly, the motion to appoint class counsel is GRANTED, and Debrosse and McFerrin are appointed as class counsel to represent the settlement class.

C. Claims Administrator

Plaintiff moves the Court to appoint JND Legal Administration to administer the claims. In support, Plaintiff states that the founders of JND have over 70 years combined experience in law and legal administration and that JND Class Action Administration has been in business for more than fifteen years. JND Class Action Administration has managed hundreds of class action settlement for a wide range of settlements, issues, and class sizes. Plaintiff states that JND developed a Settlement Notice Plan whereby notice will be provided by direct electronic mail, direct postcard mail to entities which fail to receive electronic mail, a dedicated website with a long form notice posted, a press release, and a toll free number. Plaintiff states that JND will administer the class notice and claims for approximately $15,000.  Plaintiff provided the Court with an affidavit in support of these allegations executed by Amanda L. Horn, the Senior Vice President of Client Services at JND (doc. 26-4), a copy of the proposed long form Notice (doc. 26-5), and a copy of the Settlement Notice Plan (doc. 26-3).

Upon consideration of the foregoing, the unopposed motion to appoint JND as the Claims Administrator is GRANTED.  Accordingly, Plaintiff is authorized to retain JND to implement the

---

6  "In appointing class counsel, the court: (A) must consider:(i) the work counsel has done in identifying or investigating potential claims in the action;(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;(iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class; (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(A)&(B).

terms of the Settlement Agreement, provide notice to the settlement class members, establish the

website, receive and process settlement claims, and such other responsibilities as required by the

Settlement Agreement or as may be agreed upon by the parties during the claims administration.

D.  Class notice

Before final approval of a class settlement, "[t]he court must direct notice in a reasonable

manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

"For any class certified under Rule 23(b)(3), the court must direct to class members the best

notice that is practicable under the circumstances, including individual notice to all members who

can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice requirement,

which derives from both Rule 23 and the Due Process Clause, has two primary components:

content and manner of distribution. *Adams v. Southern Farm Bureau Life Insurance Co.*, 493 F.3d

1276, 1286 (11th Cir. 2007).

As to the manner of distribution, the proposed Settlement Notice Plan to be administered

by JND provides for notice by electronic mail, followed by a second attempt to email in the event

the first attempt is unsuccessful, and then by post card if email is unavailable (doc. 26-3,

Settlement Notice Plan; doc. 26-4, Horn Declaration; doc. 26, p. 24-25, Plaintiff's brief). The Plan

also provides for a press release, toll-free number, establishment of a settlement website

administered by JND which shall publish the long form Notice substantially in the form provided

(doc. 26-5), as well as provide the settlement class members with the ability to submit claims and

exclusion requests electronically (doc. 26-3, doc. 26-4).

Defendants stated at the hearing that in addition to having the fax numbers, they also had

e-mail addresses for the persons or entities to which the fax transmissions were sent.  However,

the Court expressed concern regarding electronic mail that might be sent to a spam-folder or in

such a manner that JND may not receive notice of the failed delivery.  Plaintiff has now provided

a supplemental affidavit from Horn as to practices and procedures in place to prevent failed deliveries to the class members, to alert JND when deliveries have failed, and to make a second email attempt to accomplish the best deliverability results for the email notice.

Accordingly, the Court finds that the proposed Plan for distribution of notice is the best practicable under the circumstances and is reasonably calculated to provide notice to all members who are identified by the Defendants as the persons or entities to whom the fax advertisements were sent.

As to the form of the notice, it must "contain an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member." *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotes omitted). "Not only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action." *Id.* (internal quotes omitted). Such information includes "the relief available, the steps necessary to opt out, and the implications of remaining a member of the class." *Adams*, 493 F.3d at 1286.

The Notice contains a summary of the class action settlement and directs the recipient to the website, the toll free number, or an address for the Settlement Administrator to obtain a copy of the Settlement Agreement and release as well as other information (doc. 26-5, p. 2, 9). The Notice warns the recipient to "Please read" the notice "carefully as your rights may be impacted even if you do nothing at all" and when discussing the various options – "Do Nothing", "Submit a Claim Form…", etc., explains again: "Your legal rights are affected whether you act or not, and you have a choice to make now" and contains a section captioned "Your Rights and Options" which gives information in a question and answer format.

Accordingly, the Court finds that the email notice, post card notice, and other forms of

class notice are reasonable, adequate and sufficient notice to the class members and meet the requirements of due process.

E. Establishment of Dates

On **Tuesday, February 21, 2017 at 11:00 a.m**., a hearing regarding the final approval of the class action settlement shall be held in Courtroom 5A, United States Courthouse, 113 St. Joseph St., Mobile, Alabama 36602.

On or before **December 19, 2016,** any motion for approval of attorney's fees and motion for incentive award shall be filed and objections[7] shall be due by **December 26, 2016**. The motions shall be heard at the final hearing.

Within **fourteen (14)** days of this Order, or by **November 18, 2016**, Defendants shall provide the Claims Administrator with the email and last-known mailing addresses for the entities or person to which fax advertisements were sent.

Prior to notice to the class members, the Claims Administrator shall establish a website and a settlement-specific toll free numbers as set forth in the Settlement Notice Plan (doc. 26-3) and Horn Affidavit (doc. 26-4).

Within **fourteen (14) days** of receipt of the list, or by **December 2, 2016**, the Claims Administrator shall issue notice to the class members by email notice to the members identified by Defendants, as set forth in the Settlement Notice Plan (doc. 26-3) and Horn Affidavit (doc. 26-4). A second email notice shall be sent to any email address that returns as a "soft bounce" (doc. 26-3, p. 3).  After two attempts the Claims Administrator shall conclude the email attempts and within

---

[7] Pursuant to the Settlement Agreement, Defendants will not oppose a request by Family Medicine for an incentive award not to exceed $3,500.00, will not oppose an attorney's fee award of 25% of the settlement fund, and agree that class counsel are entitled to recover costs not to exceed $400.00 (doc. 26-1, p. 3).

**five (5) days,** the postcard notice will be sent. (Id.)

The form of notice shall be substantially the same for email and post card notification and shall be in the form as provided to the Court (doc. 26-5), except as amended below.  Attempts to deliver the post card notification shall be made as identified in the Settlement Notice Plan and the Horn Affidavit (docs. 26-3, 26-4).

By **January 17, 2017**, the members of the settlement class may request exclusion[8] from the settlement class. As provided in the Notice, the class member must send a letter to the Claims Administrator which must include the name, address, telephone number and a written statement that the class members wishes to be excluded from the settlement class (doc. 26-5, p. 6).

**In the unopposed motion, Plaintiff states that the Claims Administrator shall provide the class members with the ability to submit exclusion requests electronically (doc. 26, p. 25). The proposed Notice does not include any instructions as to submitting a request for exclusion electronically (doc. 26-5, ¶ 12).  This omission appears to be an oversight that the Court ORDERS to be corrected before the Notice is sent to the class members.**

Any request for exclusion which does not substantially comply with these requirements or which is untimely shall be ineffective.  **Two (2) weeks before the final hearing, or February 7, 2017**, the Claims Administrator shall submit to the Court a list of the individual settlement class members that have timely requested exclusion.

By **January 17, 2017**, members of the settlement class who chose to object to any part or all of the Class Settlement Agreement must file their objection with the Court.  Also, the class member must mail the objection to class counsel and counsel for Defendants postmarked no later

---

[8]  In the Settlement Agreement, the parties agreed that class members shall have forty-five (45) days from the date the Notice is issued to seek exclusion, object or file claims.  The Court anticipates that the first Notice shall issue at the latest on December 2, 2016.

than January 17, 2017, at the addresses provided in the Notice.  As provided in the Notice, the objection must be signed by the class member or their attorney and include the class members' full name, current address, and telephone number. Also, the objection should include the reasons why the class member thinks that the Court should not finally approve the settlement, any documents in support, the identity of any witnesses that the class member may call at the final hearing, and a statement whether the class member intends to appear at the final hearing on their own behalf or through counsel. If the class member wishes to speak at the final hearing, they must file a notice of appearance with the Court and mail it to class counsel and counsel for Defendants no later than **two (2) weeks** before the final hearing. The Court will not consider any objection that is not timely filed or that fails to substantially meet the requirements.

By **January 17, 2017**, members of the settlement class shall submit a valid Claim Form to the Claims Administrator. As provided in the Notice, the Claim Form must include all of the required information, be verified by the claimant, and submitted to the Claims Administrator online at the website to be established by the Claims Administrator, or by mail, or by calling the toll free number and providing the required information.  The Claims Administrator shall make the Claim Form available on the website for submission or printing and mailing, or available by calling the toll free number.

F. Injunction

 Unless and until the settlement is canceled and/or terminated, all proceedings in this Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement and this Order, are hereby stayed and suspended until further order of this Court.

In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiff and all settlement class members who have not timely excluded themselves from the

settlement class, shall be preliminarily enjoined, during the period from the entry of the

preliminary approval order to the date of the final settlement hearing, from commencing or

prosecuting any action asserting any of the claims and causes of action to be released under the

Settlement Agreement, either directly, representatively, derivatively, or in any other capacity,

whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court,

or in any agency or other authority or forum wherever located.

    If the settlement proposed in Settlement Agreement and the final Judgment and Order

contemplated by the Settlement Agreement do not receive full and final judicial approval in all

material respects, or are reversed, vacated, or modified in any material respect, then the Settlement

Agreement and proposed settlement shall have no force or effect, the parties shall be restored to

their respective prior positions, any certification of the settlement class and the Court's

preliminary findings in connection therewith shall be vacated, the litigation shall proceed as

though the Settlement Class had never been certified and all Defendants shall have the right to

oppose the certification of any plaintiff class.

    DONE and ORDERED this the 4th day of November 2016.


**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**