# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | | |
|---|---|---|
| FAMILY MEDICINE PHARMACY LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No: 1:15-cv-00590-KD-B |
| TRXADE GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

### MOTION AND INCORPORATED MEMORANDUM FOR AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE PAYMENTS FOR CLASS REPRESENTATIVES

Plaintiff and Class Counsel hereby move this Court to enter an Order awarding the following from the amounts currently held in the escrow account: (a) attorneys' fees in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00); (b) reimbursement of expenses incurred in this action in the amount of Four Hundred Fifteen Dollars and Seventy-Eight Cents ($415.78); and (c) incentive awards to Class Representative Family Medicine Pharmacy LLC of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00). As discussed more fully herein, the requested fees and expenses are well within the range of fees awarded by both federal and Alabama courts in common fund class action cases such as this.

### PRELIMINARY STATEMENT

Class Counsel prosecuted this action on a purely contingent fee basis. When this case was filed on November 18, 2015, a positive result was far from assured. Despite the risks of failure, the extensive time it would take, and strong opposition, Plaintiff's counsel successfully prosecuted this matter to the proposed settlement before this Honorable Court. As a result of Plaintiff's success, a settlement fund of $200,000 will be established from which Class members

1

may claim his/her/their share, plus a discount program consisting of five per cent (5%) coupons upon the class members purchase from Defendant Westminster.

As compensation for their considerable efforts in this litigation, Class Counsel request that the Court approve an award of attorneys' fees in the amount of $50,000, which equates to 25% of the funds held in the Cash component of the proposed settlement fund.

The amount of fees requested is justified by, among other reasons, the common fund created, as well as the substantial risks involved in prosecuting this litigation, the complexity of the litigation, the substantial amount of time expended on the litigation, and the risks associated with the handling of this case on a contingency fee basis.

The fairness and reasonableness of the requested fee award is further confirmed by an examination of the factors traditionally employed by courts considering fee requests in class action common-fund cases, like the present matter. When viewed as a percentage of the total recovery, the requested fee is well within the range of reasonableness for cases of this nature. Indeed, courts often award percentage fees well in excess of the percentage requested here. As discussed below the percentage-of-recovery method (rather than the lodestar method) is the preferred approach in analyzing class action fee applications in the Eleventh Circuit. Indeed, the percentage-of-recovery method is now widely perceived by courts across the country as the most sensible and fair approach to calculating attorneys' fees because that is how counsel are compensated for securing a recovery on a contingent basis in the private legal services marketplace.

This action was hard fought and, at the same time, prosecuted effectively and efficiently with a minimum of waste and duplication. Counsel prevailed in creating a common fund and obtaining valuable relief for the Class. The hours expended by Plaintiff's counsel were

substantial, approaching a combined total of approximately 230 attorney hours, but they were also reasonable and necessary. Excellent results were achieved, particularly in light of the substantial opposition and risks involved.

## FACTUAL BACKGROUND

Plaintiff, on behalf of itself and the putative class, filed the present action on November 18, 2015 seeking statutory and other damages for violation of the TCPA.

Plaintiff and Defendant filed their Rule 26 Report on February 25, 2016.

Subsequent to numerous phone calls and emails in an attempt to resolve said matter, the Parties successfully mediated said matter before the Honorable John Carroll on June 6, 2016 in Birmingham, Alabama. The Parties executed the Settlement Agreement on June 6, 2016.

On April 18, 2016, after the filing of this matter, an identical TCPA action against Defendant Westminster was filed in the United States District Court for the Middle District of Florida, Tampa Division in the matter of *ARcare Inc., an Arkansas Corporation v. Westminster Pharmaceuticals, LLC, a Florida Limited Liability Company*, Case No. 8:16-cv-919-JSS.

On May 2, 2016, after the filing of this matter, an identical TCPA action against Defendant Westminster was filed in the United States District Court for the Southern District of Illinois, East St. Louis Division in the matter of *Camp Drug Store Inc., an Illinois Corporation, individually and as the representative of a class of similarly-situated persons v. Westminster Pharmaceuticals, LLC and John Does 1-12*, Case No. 16-CV-481.

In light of the foregoing, the fee requested is reasonable and well within the range of those fee requests approved by both federal and Alabama courts in common fund cases.

## ARGUMENT

    I.    **Plaintiff's Counsel are Entitled to Compensation Based on the Benefits Created by the Litigation.**

The common-fund doctrine is one of the earliest recognized exceptions to the "American Rule," which generally requires that litigants bear their own costs and attorneys' fees. Premised on the equitable powers of the court, the common-fund doctrine allows a person who maintains a suit that results in the creation, preservation or increase of a benefit in which others have a common interest to be reimbursed for the litigation expenses incurred. *Central R.R. & Banking Co. v. Pettus,* 113 U.S. 116 (1885); *see also, Trustees v. Greenough*, 105 U.S. 527 (1882); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939); *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 973 (7th Cir. 1991).

Under this "equitable fund" doctrine, attorneys for the representative plaintiffs in litigation resulting in a recovery for a class may petition the court to be compensated for their efforts. As explained by the United States Supreme Court in the *Boeing* case: "a litigant or a lawyer who recovers a common fund for the benefit of a person other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Id.*, 444 U.S. at 478. *See also, Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 265, 271 (9th Cir. 1989); *Ex parte Horn*, 718 So. 2d 694, 702 (Ala. 1998) ("attorney's fees may be awarded where the plaintiff's efforts are unsuccessful in creating a fund out of which the fees may be paid, or when the efforts of the plaintiff's attorneys render a public service or result in a benefit to the general public in addition to serving the interests of the plaintiff").

### A. The Benefits Resulting from the Efforts of Plaintiff's Counsel Provide a Basis for an Award of Attorneys' Fees.

The efforts of Plaintiff's counsel led to the creation of the common fund consisting of a cash fund of $200,000 from which Class members may claim his/her/their share, plus a discount program wherein class members will enjoy a 5% discount on purchases from Defendant

Westminster. It is well established that where a representative party has made a "substantial contribution" to conferring a "benefit" upon an identifiable class, counsel for that party is entitled to an allowance of attorneys' fees relative to the benefit obtained. *See, e.g., Mills*, 396 U.S. 375; *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974); *Ex parte Horn*, 718 So. 2d at 702.  The "substantial benefit" doctrine serves the goal of equitably distributing the fees and costs of successful litigation among all who gained from the named plaintiff's efforts. *See Ramey*, 508 F.2d at 1995; *Reiser v. Del Monte Properties Co.*, 605 F.2d 1135, 1139 (9th Cir. 1979).

In this case, there is no question that Plaintiff's counsel vigorously prosecuted this action, and through their efforts the Class members will have the right to receive cash from the common fund, and the complained of practice of Defendants sending unsolicited fax advertisements is a thing of the past. Counsel's fee and expense request represents a more than reasonable portion of the overall value created for the Class.

>  **B.** **The Percentage Approach is the Most Appropriate Method for Testing the Appropriateness of the Fee Request.**

The United States Supreme Court has consistently held that the percentage-of-recovery approach is an appropriate methodology for assessing plaintiff's counsel's fees. *See, e.g., Sprague*, 307 U.S. at 164-67; *Central R.R. & Banking*, 113 U.S. at 123; *Greenough*, 105 U.S. at 533. The Supreme Court has stated that "under the 'common fund doctrine,' … a reasonable fee is based on a percentage of the fund bestowed on the class…" *Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984).  That is, "the fee request must be looked at in terms of the percentage it represents of the total recovery." *In re Warner Communications Sec. Litig.*, 618 F.Supp. 735, 749 (S.D. N.Y. 1985) aff'd 798 F.2d 35 (2d Cir. 1986) (emphasis added).

Consistent with United States Supreme Court precedent, numerous courts of appeal and district courts across the county, including the Eleventh Circuit Court of Appeals, have noted the desirability and appropriateness of the percentage method. Indeed, a vast majority of the circuits permit percentage awards and some circuits have gone further and have, in fact, mandated the use of the percentage method. *See, e.g., Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) (mandating the use of the percentage of fund).

"Attorneys who represent a class, and achieve a benefit for the class members, are entitled to be compensated for their services." *Ressler v. Jacobson,* 149 F.R.D. 651, 653 (M.D. Fla. 1992) (citing *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980)). When the parties to a class action reach a settlement agreement whereby a "common fund" is created for the benefit of the class, an award of attorneys' fees is governed by the common-fund doctrine. *See e.g., Stahl v. MasTec, Inc.,* Case No. 8:05-cv-1265-T-27TGW, 2008 WL 2267469, at *1 (M.D. Fla. May 20, 2008). Under this doctrine, class counsel is entitled to a reasonable percentage of the class settlement fund, subject to Court approval. *Camden/Condo. Ass'n, Inc. v. Dunkle,* 946 F.2d 768, 773-74 (11th Cir. 1991). "The majority of common fund fee awards fall between 20% and 30% of the fund." *Id.* at 774. Thus, the "bench mark" percentage fee award is 25%, which "may be adjusted in accordance with the individual circumstances of each case." *Id.* at 775. In considering an adjustment, the Court should consider the following twelve "*Johnson* factors":

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 772 n.2 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)).

### C. The Requested Fee is Appropriate as a Reasonable Percentage of the Total Benefits Conferred.

In the Eleventh Circuit, the preferred approach to calculating attorneys' fees in a common benefit case is as a percentage-of-recovery method as it is consistent with practice in the private marketplace where contingent fee attorneys typically negotiate percentage fee arrangements with their clients. This method provides a strong incentive to plainitff's counsel to obtain the maximum recovery, and it reduces the burden of the Court to review and calculate individual attorney hours and rates. *Camden,* supra.; *Garst v. Franklin Life Ins. Co.*, 1999 U.S. Dist. LEXIS 22666 (N.D. Ala. June 25, 1999).

The Eleventh Circuit, and courts within the Eleventh Circuit, have indicated that the benchmark for contingency fees in class action cases are typically are in the range of 25% to 30%, although an upper limit of 50% of the fund may be stated as a general rule. *See Waters v. Internat'l Recious Metals Corp.*, 190 F.3d 1291, 1294-95 (11th Cir. 1999); *Camden, supra., Oakes v. Blue Cross & Blue Shield of Fla., Inc.*, 2016 U.S. Dist. LEXIS 147252, at *16 (S.D. Fla., October 21, 2016); *Mosser v. TD Bank, N.A.* (*In Re Checking Account Overdraft Litig.*, MDL No. 2036), 2013 U.S. Dist. LEXIS 187627 (S.D. Fla., Mar. 18, 2013).

In considering fee requests in common-fund cases which include injunctive or other non-cash relief as a component of the recovery, courts commonly include the value of the non-cash relief in evaluating the fee request. *See, e.g.*, *Abbey v. Lloyd's of London*, 975 F.Supp. 802, 807 (E.D. Va. 1997) ("a fee award may be predicated on the grant of either monetary or equitable relief"); *Arenson v. Board of Trade*, 372 F.Supp. 1349 (N.D. Ill. 1974); *In re Domestic Air Transportation Antitrust Litig.*, 148 F.R.D. 297 (N.D. Ga. 1993) (adopting constructive common fund theory for fees in non-monetary benefit situations); *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240 (S.D. Ohio 1975) (determining percentage for fees

based on total estimated present value of settlement, including injunctive relief).

Applying all those considerations, the requested fee in this case is reasonable and appropriate. Here, the Class will obtain monetary funds, a usable discount on future purchases, and the complained of practice is no more. The success achieved coupled with the time dedicated to the successful prosecution of the litigation justifies the percentage fee requested.

> **D.    Consideration of the Factors Traditionally Used in Determining Fee Awards also Supports the Requested Fee.**

Plaintiff counsel's fee request is also supported by consideration of the factors for determining a reasonable fee identified in *Camden*, supra., (citing factors originally set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)):

(1) the time and labor required;

(2) the novelty and difficulty of the questions involved;

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the undesirability of the case;

(11) the nature and the length of the professional relationship with the client; and

(12) awards in similar cases.

Depending on the specific facts of the case, a trial judge may totally ignore some factors and give others different relative weights. *Id.*; *see, Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir.

1983).  But in a common-fund case, the amount involved and results obtained are the "decisive factor."  *Brown v. Phillips Petroleum*, 838 F.2d 451, 456 (10th Cir.1988).  *See also, Peebles v. Miley,* 439 So. 2d 137, 140-41 (Ala. 1983) (establishing general guidelines for courts in determining reasonable attorney fees).  A review of these factors reveals that the requested fee is reasonable.

### Factor 1:  Time and Labor Expended

Class Counsel expended in excess of 230 hours to date in this case and obtained significant relief for Plaintiff and the Class members.  Counsel investigated claims of the Class members, researched, drafted the Complaint, served discovery requests and reviewed discovery, and negotiated the complex legal issues presented in this matter.  The hours spent by counsel and staff in this case on a contingent basis justify the requested fee and reimbursement of expenses.

### Factors 2, 3, 4 and 5:  Legal Skills Required by this Action and Customary Fee

The complexity of the issues in this case required a high degree of legal skill, common sense, and practical experience in the prosecution of this class action matter.  Defendants were represented by attorneys with extensive experience in similar litigation.  To prosecute the claims of the class – against Defendants represented by highly capable counsel[1] -- it was necessary to have lawyers with substantial experience in class actions and other complex litigation.  Their work in this case confirms that they possessed the skill necessary to prosecute the case effectively. The unique and changing legal precedents espoused by the U.S. Supreme Court, and the varying interpretations of such by the various District Courts, involved in "junk fax" class actions rendered this matter one in which the legal expertise and experience of class counsel was

---

[1] The quality of the opposition is a relevant consideration.  *See, e.g., Ressler v. Jacobson*, 149 F.R.D. 651m, 654 (M.D. Fla. 1992).

required. Their work in this case confirms that they possessed the skill necessary to prosecute the case effectively.

Suffice to say the normal fee in a non-class contingency case typically falls between one-third and fifty percent of the settlement or recovery amount. In this matter, class counsel request 25%, an amount viewed as the "bench mark" fee in a class action. *Camden,* 946 F. 2d at 773-74. Likewise, class actions are often termed to be "complex litigation" due to the pervasive nature of this type of time-consuming litigation. In a nutshell, lawyers practicing in the class action area are commonly viewed as handling complicated matters, and focus on matters which limit the ability to maintain a high volume single event litigation practice.

**Factor 6: Whether the Fee is Fixed or Contingent**

Numerous cases recognize that the contingent fee risk is an important factor in determining the fee award. "A contingency fee arrangement often justifies an increase in the award of attorney's fees*." In re Sunbeam*, 176 F. Supp. 2d at 1335 (quoting *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990)); see also *In re Continental Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) (holding that when a common fund case has been prosecuted on a contingent basis, plaintiffs' counsel must be compensated adequately for the risk of non-payment); *Ressler*, 149 F.R.D. at 656 ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award."); *Walters v. Atlanta,* 652 F. Supp. 755, 759 (N.D. Ga. 1985), modified, 803 F.2d 1135 (11th Cir.); *York v. Alabama State Bd. of Education*, 631 F. Supp. 78, 86 (M.D. Ala. 1986). In this matter, Class counsel accepted and prosecuted this cause on a contingent basis. The risk assumed is a driving factor in determining a reasonable fee. In *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 548 (S.D.Fla.1988), aff'd, 899 F.2d 21 (11th Cir.1990), the court noted that:

> Generally, the contingency retainment must be promoted to assure representation when a person could not otherwise afford the services of a lawyer.... A contingency fee arrangement often justifies an increase in the award of attorneys' fees. This rule helps assure that the contingency fee arrangement endures. If this "bonus" methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing. (citations omitted). See also In re Sunbeam, 176 F.Supp.2d at 1335; Ressler v. Jacobson, 149 F.R.D. 651, 656-57 (M.D.Fla.1992) ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.... In evaluating [the contingent fee] factor the Court will not ignore the pecuniary loss suffered by plaintiff's counsel in other actions where counsel received little or no fee."). These factors weigh in favor of awarding Class Counsel 30% of the fund. Class Counsel have received no compensation during the course of this litigation and have also incurred significant expenses in litigating on behalf of the Class, none of which would have been recovered if the case had not been successfully concluded. From the time Class Counsel filed suit, there existed a real possibility that they would achieve no recovery for the Class and hence no compensation. Class Counsel's investment of time and expenses has always been at risk and wholly contingent on the result they achieved. Although Class Counsel have successfully concluded the litigation, this result was not foreseeable at the outset. The relevant risks must be evaluated from the standpoint of Plaintiffs' counsel as of the time they commenced the suit and not retroactively with the benefit of hindsight. The financial risks borne by Class Counsel fully support the appropriateness of the fee requested.

Counsel's commitment to pursuing this claim on a contingent basis, in short, weighs in favor of approval of the requested fee and expenses.

**Factor 8: The Measure of Success Achieved**

In awarding attorneys' fees in a common-fund class action, the amount involved and the results obtained are decisive factors. *Brown*, 838 F.2d at 456. In *Brown*, the Tenth Circuit explained that this factor may be given greater weight – particularly in comparison with the time and labor required – when "the recovery was highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class." *Id*. The amount involved and the results obtained are both decisive factors in support of approving the present fee petition.

11

The case clearly presented substantial risks, making the prospect of a recovery, and thus of an award of fees, highly contingent. As the Court is aware, the Defendants' financial position is far from healthy and the ability to obtain compensation for class members in light of the real possibility of receiving little or nothing is of import. Class Counsel had absolutely no assurance of success. Likewise, there can be no doubt that Class Counsel were instrumental in obtaining the recovery. Here, the amount of risk involved and the results obtained are a decisive factor, entitled to great weight in awarding attorneys' fees.

The stakes in this case were high. Despite the complexity of the factual and legal issues involved, and the numerous obstacles to recovery, Plaintiff's counsel will have successfully obtained a judgment in favor of the Class providing for creation of a significant common fund and injunctive relief.

These factor weighs in favor of approval of the requested fee.

**Factor 9: Experience, Reputation and Ability of the Attorneys**

Plaintiff's counsel have substantial experience in prosecuting class actions and other complex litigation. *Please see* declarations of Diandra S. Debrosse ("Debrosse Declaration") and James H. McFerrin ("McFerrin Declaration") attached hereto as Exhibits A and B, respectively. Plaintiff's Counsel respectfully submit that the result reflects their experience and ability.

    **II.**    <u>**Plaintiff's Counsel Are Entitled to the Reasonable Expenses Incurred**</u>

During this litigation, Plaintiff's counsel have advanced and borne the expenses that were necessary to prosecute this complex tax litigation effectively for the benefit of the Plaintiff and the Class. The expenses total $415.78 (Debrosse Declaration). These expenses were reasonably and necessarily incurred in order to file and serve the present litigation. *Id.*

The award of expenses to counsel who create a common fund is appropriate. *See also, In re Catfish Antitrust Litig.*, 939 F.Supp. 493 (N.D. Miss. 1996) (awarding costs and expenses in addition to the percentage fee); *In re SmithKline Beckman*, 751 F.Supp. 525, 534 (E.D. Pa. 1990); *Spicer v. Chicago Board of Options*, 844 F.Supp. 1226 (N.D. Ill. 1993). Thus, reimbursement of expenses in the amount requested is appropriate.

### III. An Incentive Award to the Class Representative is Warranted

Incentive awards are common in class action litigation where, as here, a common fund has been created for the benefit of the class. *In re Catfish Antitrust Litig.*, 939 F.Supp. at 503-04. Incentive awards compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class litigation. *Allpattah Servs v. Exxon* Corp., 454 F. Supp. 2d 1185, 1218-1219 (S.D. Fla., 2006); *citing In re Southern Ohio Corr. Facility*, 175 F.R.D. 270, 272-76 (S.D. Ohio 1997). Incentive awards serve an important function, particularly where the named plaintiffs participated in the litigation. *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317 (S.D. N.Y. 2005).

This action would not have been possible but for the willing participation of the Class Representative. Family Medicine actively participated in the case by participating in litigation strategy, expending time and energy providing necessary information and materials, and remaining apprised and vigilant throughout the litigation. Without the only named plaintiff in this matter, the national class would not enjoy the benefits of this class settlement. Accordingly, as Plaintiff participated and achieved a substantial benefit for the class under the circumstances, the representative is entitled to additional compensation beyond what they will receive under the terms of the settlement. Class Counsel request that an appropriate amount to compensate the Representative would be Three Thousand and Five Hundred Dollars ($3,500.00).

## CONCLUSION

For the reasons set forth above, Plaintiff's counsel respectfully request that the Court enter an Order granting (1) their Motion for an award of attorneys' fees in the amount of $50,000.00, (b) their request for reimbursement of expenses in the amount of $415.78 (for a total award of $50,415.78), and (c) an award of $3,500 as an incentive payment Family Medicine LLC as the Class Representative, all to be paid from the Escrow Account created and maintained in this matter.

Dated this the 7th day of December, 2016.

Respectfully submitted,

/s/Diandra S. Debrosse Zimmermann
Diandra S. Debrosse Zimmermann
ASB-2956-7N6D

OF COUNSEL:
**ZARZAUR MUJUMDAR & DEBROSSE**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523
fuli@zarzaur.com

/s/James H. McFerrin
James H. McFerrin
ASB-2945-M72J

OF COUNSEL:
**McFERRIN LAW FIRM, LLC**
265 Riverchase Parkway East
Suite 106
Birmingham, Al 35244
T: (205) 870-5704
F: (205) 985-5093
jhmcferrin@bellsouth.net

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 7th day of December, 2016, the above and foregoing was filed with the Court via the CM/ECF system and a notification sent to all counsel of record as follows:

M. Warren Butler
Scott D. Stevens
**Starnes Davis Florie LLP**
P.O. Box 1548
Mobile, Alabama 36633
P: 251.433.6049
F: 251.433.5901
wbutler@starneslaw.com
sstevens@starneslaw.com

                /s/ Diandra S. Debrosse Zimmermann
                OF COUNSEL